UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TIM WALES,

                                 Plaintiff,

            v.                                            19-CV-1351
                                                           (MAD/DJS)

CITY OF SARATOGA SPRINGS, *et al.,*

                                 Defendants.
_____

**APPEARANCES:**                                 **OF COUNSEL:**

O'CONNELL & ARONOWITZ, P.C.         KEVIN LAURILLIARD, ESQ.
*Attorneys for Plaintiff*
54 State Street, 9th Floor
Albany, New York 12207

FITZGERALD MORRIS BAKER FIRTH, P.C.    JOHN D. ASPLAND, ESQ.
*Attorneys for Defendants*
68 Warren Street
Glens Falls, New York 12801

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

     On November 18, 2021, Plaintiff's counsel wrote to the Court requesting a conference and advising that one of the Defendants in the action had passed away. Dkt. No. 36. Thereafter, on December 8, 2021, an on-the-record conference was held in which the death of Defendant Jennifer Merriman was confirmed by defense counsel. At that conference, Plaintiff's counsel indicated his view that this particular Defendant was no

- 1 -

longer needed in the case. *See* Text Minute Entry dated December 8, 2021. Since that time no motion to substitute parties has been made.

Federal Rule of Civil Procedure 25(a)(1) provides that if a party to an action dies, the case shall be dismissed unless a motion for a substitution of estate "is made no later than 90 days after the death is suggested upon the record." *Martinaj v. Uhler*, 2021 WL 4751879, at *2 (N.D.N.Y. Sept. 20, 2021), *report and recommendation adopted*, 2021 WL 4743430 (N.D.N.Y. Oct. 12, 2021). The rule further provides that "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must be dismissed*." *Id*. at * 3. In this case, well more than 90 days have elapsed since Ms. Merriman's death was noted on the record without any application to substitute a representative. "If no motion is timely filed, dismissal is mandatory." *Louis v. Wright*, 333 F.R.D. 19, 22 (E.D.N.Y. 2017) (citing cases). This Court, therefore, recommends that all claims against Defendant Jennifer Merriman be dismissed.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that all claims in the Complaint against Defendant Jennifer Merriman be dismissed; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report. Such objections shall be filed

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and

with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Dated: May 4, 2022
       Albany, New York

                                            Daniel J. Stewart
                                            U.S. Magistrate Judge

---

file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).